IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JERRY R. CASSELL, | CIVIL NO. 14-00225 HG-RLP |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO |
| vs. | PROCEED WITHOUT PREPAYMENT OF FEES AND TO DISMISS THE CASE WITH LEAVE TO AMEND |
| PRIMUS AUTOMOBILE FINANCIAL, | |
| Defendant. | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND TO DISMISS THE CASE WITH LEAVE TO AMEND[1]

On May 13, 2014, *pro se* Plaintiff Jerry R. Cassell ("Plaintiff") commenced the instant action and filed an Application to Proceed Without Prepayment of Fees or Costs ("Application"). The Court finds this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Based on the following, and after careful consideration of Plaintiff's Application and the record

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

established in this action, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application be DENIED and his case be DISMISSED.

## LEGAL STANDARD

Plaintiff requests that the Court permit him to proceed *in forma pauperis* ("IFP"). Federal courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1) of the Prisoner Litigation Reform Act. "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

Since Plaintiff is appearing *pro se*, the court must liberally construe his pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."). Despite the liberal *pro se* pleading standard, however, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order

2

the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

## ANALYSIS

### A. Plaintiff's IFP Application Should Be Denied

In determining IFP status, the Court is guided by whether the applicant's yearly income surpasses the poverty threshold. The Department of Health and Human Services ("HHS") 2014 Poverty Guidelines indicate that the poverty threshold for a single-person household in Hawaii is $13,420.00.[2] 2014 HHS Poverty Guidelines, 79 Fed. Reg. 3593-94 (Jan. 22, 2014). Plaintiff has submitted a declaration stating that he receives $2,000.00 in gross pay per month. Plaintiff's annual income thus exceeds the poverty threshold in Hawaii. Therefore, the Court

---

[2] Although Plaintiff has indicated that he contributes $1,000.00 per year to support his "son who is in college," due to his son's age and the small monetary amount of the contribution, the Court does not qualify Plaintiff's son as a household member for IFP purposes. Regardless, Plaintiff's yearly income also surpasses the $18,090.00 two-person household poverty guideline.

finds that Plaintiff has failed to demonstrate that he is unable to pay court costs at this time, and he does not qualify for IFP status under 28 U.S.C. § 1915(a)(1).

**B.    Plaintiff's Case Should Be Dismissed With Leave to Amend**

Plaintiff's initial filing is entitled a "Motion to Remand from State Court to United States Federal Court" ("Document").  See ECF No. 1.  Although the Document is entitled a motion to remand, Plaintiff appears to be seeking, at least in part, to remove an action from state court to this federal court. To the extent Plaintiff is seeking to remove a pending civil action, Plaintiff must comply with the requirements set forth in 28 U.S.C. §§ 1441 and 1446.  Specifically, Plaintiff must, *inter alia*, timely file a notice of removal stating the grounds for removal, along with a copy of all state court pleadings.

In addition, the Document also appears to bring separate claims against Defendant Primus Automobile Financial ("Defendant").  To the extent the Document is viewed as a complaint, it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and even construing the Document liberally, it fails to state a claim upon which relief may be granted.  The phrase "fails to state a claim on which relief may be granted," as used in the PLRA, parallels the language of FRCP Rule 12(b)(6).  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  Under this standard, the court is required to dismiss a complaint if it "fails to contain sufficient factual

4

matter, accepted as true to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see also</u> <u>Weber v. Dep't of Veterans Affairs</u>, 521 F.3d 1061, 1065 (9th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

Moreover, Rule 8 mandates that a complaint include a "short and plain statement of the claim" and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to any relief as required by this rule. <u>Iqbal</u>, 129 S. Ct. at 1950. Finally, Rule 10 requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Also, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." <u>Id.</u>

Although the Court recommends that Plaintiff's case be dismissed, the Court recognizes that leave to amend should be freely given to *pro se* litigants.  See <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) ("unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." ); <u>Lopez</u>, 203 F.3d at 1130 (stating that the Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").  Therefore, the Court further recommends that Plaintiff be granted leave to submit the appropriate removal documents or amended complaint to cure the deficiencies outlined above within thirty (30) days from the date this Findings and Recommendation is acted upon.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, filed on May 13, 2014, be DENIED and the case be DISMISSED.  If Plaintiff wishes to proceed with this action, he must remit the appropriate filing fee and file the appropriate removal documents or amended complaint within thirty (30) days from the date this Findings and

Recommendation is acted upon.  Failure to do so will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED: HONOLULU, HAWAII, MAY 16, 2014.



_____
Richard L. Puglisi
United States Magistrate Judge

CASSELL V. PRIMUS AUTO. FIN.; CIVIL NO. 14-00225 HG-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND TO DISMISS THE CASE WITH LEAVE TO AMEND